# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

DAWN STROTHERS-PINA,
            Plaintiff

v.

NORTHEAST EAR NOSE AND
THROAT, INC.
            Defendant

## THE PARTIES

1.      Plaintiff, Dawn M. Strothers-Pina, ("Plaintiff") is an individual residing

in Onset, Plymouth County, Commonwealth of Massachusetts.

2.      Defendant, Northeast Ear Nose Throat, Inc., ("Defendant") is a

Massachusetts corporation having a principal place of business in North Dartmouth,

Bristol County, Commonwealth of Massachusetts.

## FACTS

3.      Defendant, a medical practice, hired Plaintiff as a full-time receptionist

in 2003.

4.      Plaintiff was diagnosed with breast cancer on April 29, 2011.

5.      Plaintiff informed agents of Defendant, including its Practice

Administrator, Brenda Motta, of her diagnosis, her need for surgery, that she would

need leave to recover from her surgery, and that she would need intermittent leave

before and after her surgery.

6.      Plaintiff took leave for cancer treatment from approximately May 23, 2011 to June 24, 2011, before returning to work on or about July 11, 2011.

7.      Upon her return, Motta told Plaintiff that prior to her leave, Defendant had decided to fire her for performance reasons, but had decided to spare her upon hearing of her diagnosis.  Motta told Plaintiff she would be given "one last chance."

8.      Prior to her leave and notification that she suffered from breast cancer, neither Motta nor any other agent of the Defendant had told Plaintiff that the Defendant planned to fire her.

9.      Thereafter, Defendant, by its agents, including Motta, created a hostile work environment for Plaintiff that made her conditions of work intolerable, by *inter alia*, unfairly criticizing her work, and complaining about the cost of her medical treatment and need for additional leave.

10.     Plaintiff spoke with Motta on July 15 and 18, 2011 about her distress over the hostile work environment to which she was being subjected because of her need for leave and the cost of her treatments, and suggested to Motta that she did not know if she could continue to work under the hostile conditions.  Motta did not try to dissuade Plaintiff from resigning.

11.     On July 20, 2011, Motta told Plaintiff that her employment was being terminated.  Motta told Plaintiff that she (Motta) had discussed Plaintiff's trepidation about working in a hostile work environment with Defendant's principals, who are

medical doctors, and they agreed that Plaintiff's employment should be terminated.

12.     Plaintiff returned to the office on July 26, 2011, to pick up her last employment check.   Motta was out of the office but Motta's assistant informed Plaintiff that she could not release the check until Plaintiff signed a resignation letter.

13.     The letter, dated and signed by Motta on July 20, 2011, stated that Plaintiff had resigned from her job voluntarily on July 19.  As Plaintiff had not voluntarily resigned her employment, Plaintiff refused to sign and wrote on the letter that her termination was against her will.  Motta's assistant refused to give Plaintiff her check at that time, but Motta later mailed the check to Plaintiff.

14.     Defendant provided benefits to Plaintiff and her family under a group insurance plan.

15.     During her employment with Defendant, Plaintiff and members of her family incurred medical bills, including substantial bills Plaintiff incurred in connection with her cancer treatment.  In the months since Defendant terminated Plaintiff's employment, Plaintiff and members of her family have continued to incur medical bills, including bills related to Plaintiff's cancer treatments.

16.     Upon her termination from employment, Defendant did not provide Plaintiff with notice of her right to elect continuation coverage of the group health care coverage provided to her and her family in accordance with the Consolidated Omnibus Reconciliation Act ("COBRA"), 29 U.S.C. § 1163.

17.     Plaintiff has satisfied all prerequisites to suit under G.L. c. 151B, and

Title VII, 42 U.S.C. § 12101.  More than 90 days have expired since Plaintiff filed her

administrative charge of discrimination with the Massachusetts Commission Against

Discrimination on November 21, 2011, and she is therefore entitled to pursue a

private right of action under G.L. c. 151B.  The EEOC's written authorization

permitting Plaintiff to bring her claim under 42 U.S.C. § 12101 is attached hereto as

Exhibit A.

## SUBJECT MATTER JURISDICTION

18.     This court has subject matter jurisdiction of this action pursuant to 28

U.S.C. § 1331, as Plaintiff's claims arise under 42 U.S.C. § 12101, and 29 U.S.C. §

2601, respectively.  This court has pendent jurisdiction over the state law claim.

*United Mineworkers v. Gibbs*, 383 U.S. 715 (1966).

## COUNT I
## FAILURE TO PROVIDE NOTICE OF COBRA RIGHTS
### 29 U.S.C. § 1166(a)(4)

19.     Plaintiff hereby realleges and incorporates by reference all allegations

made herein.

20.     Defendant was an "employer" and Plaintiff was an "employee" of

Defendant within the meaning of 29 U.S.C. § 1163, COBRA, and Defendant

provided coverage to Plaintiff and her family under a group health plan" within the

meaning of ERISA, 29 U.S.C. § 1001, *et seq.*

21.     Accordingly, upon its termination of Plaintiff's employment, which is a

"qualifying event" within the meaning of COBRA, Defendant was required to notify Plaintiff of her right to continuation of the group health plan provided to its employees under the same terms and conditions at Plaintiff's own expense for a period of 18 months.  29 U.S.C. §§ 1161, 1162(2)(A)(I).

22.     Defendant did not provide Plaintiff with notice of her right to continuation coverage under COBRA.

23.     Plaintiff has incurred medical expenses related to her cancer treatment and otherwise that would have been covered by her group insurance had she been provided notice of her rights to continuation coverage as required by COBRA. Plaintiff's unpaid medical bills currently exceed $19,000.   Plaintiff's family members have also incurred medical bills totaling approximately $200.

24.     Plaintiff has thus suffered extreme prejudice, harm, and damages as a result of Defendant's violation of COBRA.

## COUNT II
## FAMILY MEDICAL LEAVE ACT
### 29 U.S.C. § 2601, *et seq.*

25.     Plaintiff hereby realleges and incorporates by reference all previous allegations made herein.

26.     Defendant's employment of Plaintiff was subject to the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA").

27.     Under the FMLA, at the time Plaintiff notified Defendant of her cancer diagnosis and need for leave, Plaintiff was eligible to take up to 12 weeks of leave for

the treatment of a "serious medical condition." Plaintiff's cancer constitutes a serious medical condition within the meaning of the FMLA. Accordingly, Plaintiff's leave and intermittent leave for cancer treatment were subject to and protected by the leave provisions of the FMLA.

28.     In violation of the FMLA, Defendant retaliated against Plaintiff for taking and seeking leave protected by the FMLA, by subjecting her to adverse actions, including unjustly imposing her with discipline, subjecting her to a hostile work environment, terminating her employment, and failing to notify her of her COBRA rights to continuation health coverage.

29.     Plaintiff has been harmed, injured, and damaged by Defendant's unlawful actions.

## COUNT III
## AMERICANS WITH DISABILITIES ACT,
### 42 U.S.C. § 12101

30.     Plaintiff hereby realleges and incorporates by reference all allegations made herein.

31.     Defendant's employment of Plaintiff was subject to the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("the ADA").

32.     Plaintiff was a qualified person with a disability within the meaning of the ADA. Plaintiff's breast cancer and the treatment she received for it substantially impaired her exercise of major life activities, including but not limited to working, sleeping, and concentrating. Defendant also perceived Plaintiff as being limited in her

ability to work because of her cancer and because its agents had to re-arrange

Plaintiff's schedule to accommodate treatments for her cancer.

33.     Despite these substantial limitations, Plaintiff was capable of performing

her job with or without reasonable accommodation, including but not limited to being

permitted to take intermittent leave for treatments after she returned to work.

34.     In violation of the ADA, Defendant subjected plaintiff to material

adverse actions because of her disability and for engaging in activities protected by the

ADA, including seeking and having sought the reasonable accommodation of taking

leave for treatment of her breast cancer.  These adverse actions included but were not

limited to unjustly imposing her with discipline, subjecting her to a hostile work

environment, terminating her employment, and failing to notify her of her COBRA

rights to continuation health care coverage.

35.     As a result of Defendant's illegal actions, Plaintiff suffered harm, injury,

and damages.

## COUNT IV
## DISCRIMINATION ON THE BASIS OF HANDICAP
## G.L. c. 151B

36.     Plaintiff hereby realleges and incorporates by reference all allegations

made herein.

37.     Defendant's employment of Plaintiff was subject to G.L c. 151B.

38.     Plaintiff was a "qualified handicapped person" within the meaning of

G.L. c. 151B.  Plaintiff's breast cancer and the treatment she received for it

substantially impaired her exercise of major life activities, including but not limited to working, sleeping, and concentrating.  Defendant also perceived Plaintiff as being limited in her ability to work.

39.     Despite these substantial limitations, Plaintiff was capable of performing her job with or without reasonable accommodation, including but not limited to being permitted to take intermittent leave for cancer treatment after she returned to work.

40.     In violation of G.L. c. 151B, Defendant subjected plaintiff to material adverse actions because of her handicap and for engaging in activities protected by G.L. c. 151B, including seeking and having sought the reasonable accommodation of taking leave for treatment of her breast cancer.  These adverse actions included but were not limited to unjustly imposing her with discipline, subjecting her to a hostile work environment, terminating her employment, and failing to notify her of her COBRA rights for continuation coverage.

41.     As a result of Defendant's illegal actions, Plaintiff suffered harm, injury, and damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court to enter Judgment:

A. Awarding her the maximum statutory penalty payments pursuant to 29 U.S.C.§ 1132(c)(1); back pay, front pay, damages for emotional distress, compensatory and punitive damages, costs and attorney's fees, and liquidated damages, as provided by COBRA, the FMLA, the ADA, and G.L. c. 151B.

B.  Granting such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

THE PLAINTIFF,

DAWN STROTHERS-PINA

By her attorney,

s/Daniel W. Rice
Daniel W. Rice, BBO# 559261
GLYNN, LANDRY & RICE, LLP
25 Braintree Hill Office Park, Suite 408
Braintree, MA 02184
(781) 849-8479 (office)
(781) 964-8377 (mobile)
daniel.rice@glhrlaw.com

Dated: October 19, 2012

EEOC Form 161-B (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Dawn M. Strothers-Pina<br>4 Camp Street<br>Onset, MA 02558 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2012-00548 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Robert L. Sanders,
Area Office Director

OCT 1 0 2012

*(Date Mailed)*

Enclosures(s)

cc:

| NORTHEAST EAR NOSE THROAT, INC.<br>299 Faunce Corner Road<br>North Dartmouth, MA 02747 | Daniel W. Rice<br>Glynn, Landry & Rice, LLP<br>Attorneys At Law<br>639 Granite Street, Suite 203<br>Braintree, MA 02184-2605 |
|---|---|